IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CLIVE ANTHONY HERON, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-17-738
:
CRAIG LOWE, : (Judge Conaboy)
:
    Respondent :

## MEMORANDUM
### Background

Clive Anthony Heron filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Bureau of Immigration and Customs Enforcement (ICE) at the Pike County Prison, Lords Valley, Pennsylvania. Named as Respondent is Warden Craig Lowe of the Pike County Prison. Service of the petition was previously ordered.

Heron describes himself as being a native and citizen of Jamaica who entered the United States without a valid entry document on or about August 27, 2014. An Immigration Judge Heron's request for asylum and ordered his removal from the United States on or about December 15, 2016. An appeal of that determination was denied by the Board of Immigration Appeals (BIA) on April 24, 2017. See Doc. 5, p. 3.

Petitioner was taken into ICE custody on May 19, 2016. Heron alleged that because there is no likelihood that he will be deported in the foreseeable future, his continued indefinite

1

detention by the ICE pending completion of his removal proceedings was unconstitutional pursuant to the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001). As relief, Petitioner sought his immediate release.

**Discussion**

On October 11, 2017, Respondent filed a "Suggestion of Mootness." Doc. 7, p. 1. The notice states that Petitioner was removed from the United States on September 28, 2017. See id. Accordingly, Respondent contends that since Petitioner has been removed from the United States, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the

2

complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Heron sought his immediate release from ICE detention. Since Petitioner has been removed from the United States and is no longer in ICE custody, under the principles set forth in Steffel, his instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 13, 2017